Commonwealth ex rel., Appellant, *v.* Tyrrell.

Argued October 26, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*W. Horace Hepburn, Jr.,* for appellant.

*Oscar Brown,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., December 18, 1934:

Anthony Tyrrell, the relator in these habeas corpus proceedings, has appealed from the refusal of the court below to transfer the custody of his motherless daughter, Mary Irene, nine years of age, from his mother, Della Tyrrell, the respondent, to what, for all practical purposes, would be the care and custody of the mistress of the boarding house at which he has lived since his estrangement from his family more than three years ago.

As we understand the record, appellant was living with his parents and brothers and sisters when he married Mary Irene's mother; he brought his wife to that home; the child was born there and has lived in that house up to the present time.

Some five years past appellant and his wife separated. His sister testified that his wife returned to her mother's home, "through the way he [appellant] treated her." Shortly thereafter appellant's wife was stricken with paralysis and taken to the Philadelphia General Hospital where she remained as a patient until her death on June 3, 1934. Appellant's failure to comply with an order of court for the support of his invalid wife resulted in attachment proceedings to compel him to contribute at least $80 with which to purchase braces for her. Meanwhile, appellant, who had been awarded the custody of the child (apparently by reason of his wife's physical disability) lived with Mary Irene at the family home until, as the result of a violent quarrel with his mother and brothers and sisters, he left the common home and has lived for more than three years at a boarding house conducted by a Mrs. Daly and her daughter.

Mary Irene, when examined by the hearing judge, GLASS, J., in chambers, gave an intelligent description of the school she attends and of the surroundings

under which she lives, and expressed a strong desire to remain with her grandmother.

The order appealed from remanded the child to the custody of her grandmother, subject to the right of appellant to visit her every evening between the hours of seven and eight, and directed appellant to pay his mother $4 per week for the support of his daughter.

Here, as in every case of this kind, the interests of the child and of the State are to be considered as well as the rights of the father; the ultimate welfare of the child is the paramount consideration. We, of course, have not had the advantage of seeing and hearing the parties, but our reading of appellant's testimony has not created a favorable impression with respect to his qualifications as a parent. At the conclusion of the hearing he stated he would rather have his daughter placed in an institution than remain with his mother and added: "I will not pay one cent; I'll go to jail." His own statement was that he is earning $25 per week. The appellant's intense, though apparently unwarranted, hostility toward his mother and the other members of his family, and his unreasonable attitude throughout the hearing, seem to us to rebut every presumption in favor of his legal rights as a father.

In the performance of our statutory duty to dispose of this case upon its merits, we have reached the independent conclusion that the order of the court below conserves and promotes the best interests of the child, under the existing circumstances. See Com. v. Mauch, Betz Appeal, 91 Pa. Superior Ct. 220; Com. ex rel. Rockey v. Hoffman, ibid. 213; and In re Custody of Minor Children of Dunbar A. Rosenthal, 103 Pa. Superior Ct. 27, 157 A. 342.

Appeal dismissed.